# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 27, 2010 at Knoxville

## STATE OF TENNESSEE v. LISA CHRISTINA SIMPSON TUTTLE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-D-2215     Cheryl Blackburn, Judge**

**No. M2009-01916-CCA-R3-CD - Filed August 31, 2010**

The defendant, Lisa Christina Simpson Tuttle, appeals the Davidson County Criminal Court's revocation of her suspended sentence. Because the defendant failed to file a proper notice of appeal and because the interests of justice do not require that this court excuse the failure to file the notice of appeal, we dismiss the appeal.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Paul Julius Walwyn, Madison, Tennessee, for the appellant, Lisa Christina Simpson Tuttle.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Brian Ewald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2003, pursuant to a plea agreement with the State, the defendant pleaded guilty to several counts of money laundering and money laundering conspiracy in exchange for an effective sentence of eight years to be served on probation. This effective sentence was to run consecutively to a previously imposed eight-year sentence for money laundering. The agreement acknowledged that the defendant had violated her probation on the previous sentence, but the State agreed to allow her to serve the balance of her previous eight-year sentence on probation, as well as the new eight-year sentence. On February 4, 2003, the trial court incorporated the plea agreement into and entered its judgments.

On June 22, 2007, at the State's urging, the trial court issued a probation

violation warrant based upon an affidavit of complaint alleging that the defendant had violated the rules of probation that required her to obey the law in that she had been arrested on June 13, 2007, and charged with aggravated burglary.

On February 17, 2009, the trial court entered an order and amended judgments revoking the defendant's probation on the 2003 cases and ordering her to serve her sentences in the Department of Correction. On May 27, 2009, the defendant filed a "Motion to Suspend Previously Imposed Sentence Pursuant to T.C.A. § 40-35-310."[1] On August 7, 2009, the trial court, via minute entry, denied the motion. On September 8, 2009, the defendant, through counsel, filed a notice of her appeal *of the August 7, 2009 order*. On October 2, 2009, the trial court granted the defendant's motion to appoint counsel. We agree with the State that the appeal should be dismissed.

On February 17, 2009, the trial court entered an order and amended judgments revoking the defendant's probation. The defendant enjoyed the right to appeal the revocation, *see* Tenn. R. App. P. 3(b), by filing a notice of appeal within 30 days, *see* Tenn. R. App. P. 4(a). She did not do so, and the notice of appeal that was eventually filed, on September 8, 2009, referenced only the court's August 7, 2009 order that denied the May 27, 2009 motion. The defendant has yet to file a notice of appeal of the revocation of her probation; nevertheless, her brief on appeal speaks only to the February 17, 2009 revocation decision and does not address the denial of the later motion.[2] We note, in passing, that the motion, not filed until May 27, 2009, was itself filed after the revocation order became final.

Although "the notice of appeal required by [Tennessee] Rule [of Appellate Procedure] 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from," the notice of appeal "is not jurisdictional" in criminal cases. Tenn. R. App. P. 4(a). In criminal cases, the notice of appeal "document and the filing of such document may be waived in the interest of justice" by the appropriate appellate court. In the present case, we, as the appropriate appellate court, cannot conclude that the interests of justice require our excusing the failure to file a notice of appeal of the revocation order.

---

[1] The reference to Tennessee Code Annotated section 40-35-310 is inapt. We note that Code section 40-35-314(c) contains a provision for the trial court's retaining jurisdiction for purposes of modifying a defendant's sentence. *See* T.C.A. § 40-35-314(c).

[2] Tennessee Rule of Appellate Procedure 3(b) does not grant an appeal as of right from the denial of the defendant's May 27 motion. *See* Tenn. R. App. P. 3(b) (providing that, in addition to appealing a judgment of conviction, a defendant in a criminal case has a right to appeal "an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding").

The record reflects that the revocation was based not upon the defendant's arrest for the burglary but on evidence that she actually participated in the burglary. In the revocation hearing, Metro Nashville Police ("Metro") Sergeant Brian Anderson testified that on June 12, 2007, he answered a burglary call at Polo Park Apartments. He testified that witnesses reported two women "taking turns putting their shoulder to a door." When he and another officer arrived, the other officer detained Nicole Davis who was "exiting the front of the apartment complex on foot . . . carrying several items in her hand." Sergeant Anderson went to the specified apartment; the door "had been forced in due to the door framing being shattered." No other person was present at the apartment. When the officers questioned Ms. Davis, she said that the defendant had accompanied her to the apartment. Sergeant Anderson testified that Ms. Davis told him the women's purpose was to retrieve Ms. Davis' ring which she claimed had been stolen from her by the tenant of the burgled apartment. Sergeant Anderson testified that the police found a car that had been described by the burglary witnesses and that the defendant was found in the car.

Metro Detective Robert Shotwell testified that he interviewed the defendant after her arrest. She told him that she had accompanied Ms. Davis to the victim's apartment to steal drugs from the victim. The defendant told Detective Shotwell that she went inside the victim's apartment but did not take anything.

The defendant testified that she accompanied Ms. Davis to the victim's apartment but was unaware that Ms. Davis intended to break into the apartment. She testified that, once she understood that Ms. Davis intended to break in, the defendant disassociated herself with the crime.

The trial court found that the defendant "clearly . . . violated her probation" and that "[t]here's no question" about the defendant's participating in a burglary. The court revoked the probation and ordered the sentence to be served, subject to jail credit.

A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of her release. T.C.A. § 40-35-311(e) (2006). A revocation will be upheld absent a showing that the trial court abused its discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e).

The record in the present case evinces no basis for this court's determining that the trial court abused its discretion; therefore, the interests of justice do not indicate that we should excuse the defendant from filing a notice of appeal. Even if we were to treat the

September 9, 2009 notice of appeal as an appeal of the probation revocation, it was not timely filed, and our consideration of such an appeal is barred by our decision that the interests of justice do not indicate that we entertain the appeal.[3]

  The appeal is dismissed.

          _____

          JAMES CURWOOD WITT, JR., JUDGE

---

[3]We have not considered the appeal as an appeal of the motion denial. The defendant made no claim in her brief that the court erred in denying the May 27 motion, and she presented no argument or citation to authority on the issue. *See* Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").